J-A28029-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| TROY L. CLARK | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KIMBERLY A. CLARK | : | No. 586 MDA 2021 |

Appeal from the Order Entered April 15, 2021
In the Court of Common Pleas of Mifflin County Civil Division at No(s):
1414-2015

BEFORE:   LAZARUS, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.:                **FILED:  FEBRUARY 1, 2022**

Troy L. Clark (Husband) appeals from the equitable distribution order

requiring that he pay a portion of the student loans of Kimberly A. Clark (Wife).

We vacate the order and remand for further proceedings in accordance with

this memorandum.

We state the facts as presented in the trial court's opinion:

. . . Parties were married on December 17, 1998 and separated
on September 19, 2015.  During their marriage, Parties resided in
Mifflin County, Pennsylvania.  This was a first marriage for both
Parties.  Parties had three children during their marriage.  There
are currently two minor children, and one adult child.

Wife is [forty-six years old] and has no health issues.  Wife works
as a Registered Nurse at Geisinger.  Wife makes $2,916.08 a
month with an additional $975.00 in child support.  Wife testified
that she struggles financially.  Wife states that her monthly
expenses are $6,804.00.  Wife testified that she is currently
residing in the marital home, which is currently being renovated

_____

[*] Former Justice specially assigned to the Superior Court.

after significant damage to the home. Wife has outstanding credit card debt in the amount of $807.00 and outstanding student loan debt in the amount of $33,962.00.

Husband is [forty-five years old] and currently works as a truck driver. Husband testified he has no health issue[s]. Husband has maintained his job as a truck driver throughout the marriage. His work provided a majority of the income to the family. Husband currently makes $80,383.05 a year. Husband's yearly expenses are $65,301.44, with a monthly breakdown of $4,502.13 a month. This amount includes his legal bills, and his monthly child support . . .

Upon separation, Husband left the marital residence. Husband testified that he paid the mortgage in lieu of child support until a petition for child support was made at the Domestic Relation's Office. Husband and Wife both testified that although she was supposed to assume the mortgage, she had not done so at the time of the hearing.

Trial Ct. Op., 9/23/20, at 2-3.

The equitable distribution hearing was held on February 4, 2020. Both Husband and Wife submitted letter briefs following the hearing. On September 23, 2020, the court issued an equitable distribution order, which ordered that Husband pay $19,884.97 of Wife's student loans and Wife pay $14,077.20 of the student loans. On October 15, 2020, Husband filed a motion for reconsideration. The court held a reconsideration hearing on the motion on November 16, 2020. On April 15, 2021, the court issued a second equitable distribution order, directing that Husband pay $19,884.97 of Wife's student loans as well as dividing Husband's retirement account and the appreciation value of real property 50/50. Husband timely appealed.

The court ordered Husband to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Husband complied and also filed a

request for supersedeas regarding the student loan distribution pending appeal, which the court granted on June 22, 2021.

Husband raises the following issue for review:

Did the trial court abuse its discretion in directing that Husband pay a portion of Wife's nursing school tuition loans when she was the sole beneficiary of the second college degree and it substantially increased her earning power?

Husband's Brief at 2 (some formatting altered).

Husband argues that although all debt incurred during a marriage is marital debt by definition, education loans that enhance the earning ability of one spouse should be assigned to that spouse, where they retain the benefit of the enhanced earning capacity after the divorce. *Id.* at 7-9. Husband contends that absent proof the loans were spent on household expenses, none of those loans should be allocated to him. *Id.* (citing in support *Mundy v. Mundy*, 151 A.3d 230 (Pa. Super. 2016)).

In response, Wife contends that the court did not commit an abuse of discretion where Wife took on a larger portion of the marital debt, the incomes between Husband and Wife were disproportionate, and Wife contributed financially to the household while attending school. Wife's Brief at 5-8. Wife argues that we must determine the propriety of the equitable distribution award as a whole. *Id.* at 7 (citing *Schenk v. Schenk*, 880 A.2d 633, 643 (Pa. Super. 2005)).

The standard of review follows:

Our standard of review when assessing the propriety of an order effectuating the equitable distribution of marital property is whether the trial court abused its discretion by a misapplication of the law or failure to follow proper legal procedure. We do not lightly find an abuse of discretion, which requires a showing of clear and convincing evidence. This Court will not find an abuse of discretion unless the law has been overridden or misapplied or the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence in the certified record. In determining the propriety of an equitable distribution award, courts must consider the distribution scheme as a whole. We measure the circumstances of the case against the objective of effectuating economic justice between the parties and achieving a just determination of their property rights.

Moreover, it is within the province of the trial court to weigh the evidence and decide credibility and this Court will not reverse those determinations so long as they are supported by the evidence. We are also aware that a master's report and recommendation, although only advisory, is to be given the fullest consideration, particularly on the question of credibility of witnesses, because the master has the opportunity to observe and assess the behavior and demeanor of the parties.

*Carney v. Carney*, 167 A.3d 127, 131 (Pa. Super. 2017) (citation omitted).

"[S]tudent loan debt incurred during a marriage is a marital debt regardless of the purposes for which the money is actually expended; however, in assigning responsibility to repay the debt following divorce, the fact finder must look to which party benefited from the education the loan facilitated." *Mundy*, 151 A.3d at 239 (citation omitted). "[T]he ultimate distribution of either assets or liabilities . . . is to be based on the circumstances surrounding the acquisition of the debt or asset, along with all other factors relevant to fashioning a just distribution." *Hicks v. Kubit*, 758 A.2d 202, 205 (Pa. Super. 2000) (citation omitted). The spouse who received

- 4 -

the exclusive benefit of the education is ultimately responsible for the portion of the student loan applied to education expenses. *Id.* In *Hicks*, the wife was the exclusive beneficiary of the education, and was, therefore, responsible for the portion of the loan used for that purpose. *Id.* However, the portion of the loan which had been deposited into a joint account and used for household expenses was subject to equitable distribution. *Id.*

In *Mundy,* the wife's nursing school tuition was paid for by a hospital where she agreed to work after graduation. *Mundy*, 151 A.3d at 233. The wife took out two additional student loans, which she claimed were used for household bills and expenses during her school years. *Id.* Ultimately, the *Mundy* Court affirmed the trial court's allocation of the student loan debt to the wife. *Id.* at 239-40. This was because the wife did not provide: documentation of the balance of the loans; documentation the loans had been used for household expenses; or any indication that the loans had been exclusively used for household expenses. *Id.* at 240. The *Mundy* Court concluded it was unclear from the certified record whether the wife's employer paid all education-related expenses or simply the tuition. *Id.* Thus, it was not an error or abuse of discretion to allocate the loan repayment responsibility to the wife. *Id.*

In the instant case, the court addressed Husband's issue as follows:

[Husband] contended during both the equitable distribution hearing, and during the reconsideration hearing that the student loans are not marital debt. Wife contended that the student loans went to household items and helping raise their three children, and therefore, should be considered marital debt.

The court was persuaded by testimony presented that portions of the marital debt went to the household income, and helping raise the children. This court was further persuaded that Wife has taken on a large portion of the marital debt up to this point and that incomes are disproportionate that for a just distribution, [Husband] would be assigned portions of the student loans. Of the three student loans in play, this court assigned the full portion of Wife's NelNet account to [Husband] in the amount of $16,601.05, and half of the portion of Wife's [Geisinger] student loan in the amount of $3,283.92. Wife was assigned half of the portion of Wife's [Geisinger] student loan in the amount of $3,283.92 and the full amount of her Pennian student loan in the amount of $10,404.00.

The ultimate distribution of either assets or liabilities is to be based on the circumstances surrounding the acquisition of the debt or asset, along with all other factors relevant to fashioning a just distribution. *Hicks*, 758 A.2d at 205. [Husband] argues that he is not the sole beneficiary of the loans because Wife's increased earning capacity only benefits her. However, testimony provided that Wife did use a portion of the loans for the household items. The salient points in *Hicks* [are] the circumstances surrounding the debt. This court found that while Wife's student loans did help facilitate her education, they also contributed to household income. This court accordingly found that in an effort to achieve a just distribution, [Husband] should be allocated a portion of the marital debt surrounding the student loans.

Trial Ct. Op., 7/15/21, at 1-3 (some formatting and citations altered).

At the equitable distribution hearing, Husband testified that Wife's nursing school was approximately three years long and was started and completed while the marriage was intact. N.T. Equitable Distribution Hr'g, 2/4/20, at 25-26, 36. Prior to attending nursing school, Wife was a schoolteacher; Husband claimed that Wife did not work or have income during her schooling. *Id.* at 26, 36. Husband claimed that he was the sole support of the family during this time. *Id.* at 26. Husband claimed the loans were in

Wife's name and that he never made payments on them. *Id.* Wife's earning capacity was significantly increased as a nurse. *Id.* at 37. Husband admitted that Wife had assumed the majority of the marital debt and was responsible for the primary care of the couple's two minor children, and that his income was greater than Wife's. *Id.* at 42-44, 54-55.

Wife testified that the decision for her to go to nursing school was a decision mutually made with Husband. *Id.* at 71-72. She averred that during the time she was in nursing school, she brought in unemployment checks that amounted to 80% of Husband's income. *Id.* at 73. Insofar as the certified record reflects, no documentation of the loan balances or deposits of any loan balances into joint accounts were introduced into evidence beyond Wife's testimony.

The court did not differentiate between student loan proceeds that went directly to Wife's education expenses or surplus proceeds used for non-educational expenses.[1] Trial Ct. Op., 7/15/21, at 1-3. Pursuant to *Hicks*, Wife is responsible for student loan debt attributed to her education expenses. *Hicks*, 758 A.2d at 205. However, *Hicks* did not mandate that **all** student loan debt must be assigned to the student spouse; rather, it affirmed the trial court's finding that a portion of the loan proceeds were marital debts subject

_____

[1] The court found that the loans were marital debt, a finding neither party disputes. Trial Ct. Op., 7/15/21, at 1-3. The sole issue on appeal is regarding the responsibility for the repayment of said loans.

to equitable distribution because they had been deposited into a joint account and used for household expenses. *Id*.

Here, the court found credible Wife's testimony that the nursing degree was a joint marital decision and that portions of the loans were used for household expenses. However, Husband did not testify that the loans were used for household expenses. The court did not make a determination of the amount of those loans that were used for household expenses, nor was any evidence introduced regarding the joint accounts into which the loans were deposited.

As noted above, our standard of review in equitable distribution case is whether the court abused its discretion, including whether it failed to follow proper legal procedure. *Carney*, 167 A.3d at 131. Pursuant to *Hicks* and *Mundy*, the trial court should have made a determination regarding the amount of surplus loan proceeds and how the funds were consumed. *Hicks*, 758 A.2d at 205 (finding that wife was responsible for 40% of marital debt and the balance of student loan debt obtained during marriage because she was the beneficiary of the education); *Mundy*, 151 A.3d at 240 (it was unclear from certified record whether employer paid all education expenses or tuition, wife neglected to provide evidence documenting how the proceeds of the loan were used, and did not state whether loans were used for that purpose exclusively).

Because the trial court did not determine the amount of the surplus loan proceeds or how the funds were consumed, we vacate the equitable

distribution order and remand for a hearing on this issue consistent with *Hicks* and *Mundy*. *Carney*, 167 A.3d at 131; *Mundy*, 151 A.3d at 240; *Hicks*, 758 A.2d at 205. The court may then enter a final equitable distribution order.

Order vacated. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/01/2022